

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2005

# In Re: Bullock

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Bullock " (2005). *2005 Decisions.* Paper 510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-341 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3139
_____

IN RE: MONROE BULLOCK,

Petitioner.

_____

On a Petition for Writ of Mandamus from the
District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 98-cv-05023)
District Judge: Honorable James McGirr Kelly

_____

Submitted Under Rule 21, Fed. R. App. P.
August 18, 2005

Present: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed September 21, 2005  )
_____

OPINION
_____

PER CURIAM

Petitioner Monroe Bullock petitions this Court for a writ of mandamus directing

the District Court to impose a reduced sentence on his conviction for conspiracy to

distribute cocaine base.  Bullock's petition appears to be an attempt to file a successive

motion under 28 U.S.C. § 2255.  Thus, we will deny the petition.

I.

Bullock has previously pursued direct and collateral review in this Court.  We

affirmed his judgment of conviction and sentence in 1997.  See United States v. Bullock, C.A. No. 96-1639 (3d Cir. Sept. 18, 1997).  He then filed his first motion under 28 U.S.C. § 2255 in 1998, which the District Court denied.  We denied a certificate of appealability. United States v. Bullock, C.A. No. 99-1175, Order (3d Cir. Oct. 27, 1994). In 2001, Bullock filed his first application for permission to file a second or successive § 2255 motion, which we also denied.  In re Bullock, C.A. No. 01-2655, Order (3d Cir. Aug. 29, 2001).

## II.

On June 22, 2005, Bullock filed the instant mandamus request raising two arguments: (1) the District Court found facts not supported by the record; and (2) the District Court erred in enhancing his sentencing score based on a finding that Bullock used a firearm in connection with a drug offense.

A writ of mandamus is an extraordinary remedy which should be invoked rarely.[1] See Kerr v. United States Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 402 (1976). Bullock must show that he has an indisputable right to the writ and that there exists no other adequate remedy.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

A § 2255 motion is the presumptive means for a federal prisoner to challenge the fact or duration of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention."  Okereke v. United States, 307 F.3d

---

[1] We have jurisdiction under 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21(a).

2

117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not "inadequate or ineffective" merely because the sentencing court previously denied relief or because the gatekeeping provisions of § 2255 make it difficult to pursue a successive motion. Id. at 539; see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Upon thoroughly reviewing Bullock's request, we find that he directly challenges the fact of his conviction and the duration of his sentence. He thus fails to show that there exists no other adequate remedy. We recognize that Bullock would not now be entitled to file a second or successive § 2255 motion raising the instant claims. See 28 U.S.C. § 2255 ¶ 7. However, as explained in Cradle, just because Bullock cannot meet the stringent standards of the revised § 2255 does not mean that he may now pursue his claims through a request for a writ of mandamus.

Accordingly, his petition for a writ of mandamus will be denied.

3